NAKASHIMA CHING LLC
Attorneys at Law

JADE LYNNE CHING        5808
MICHELLE N. COMEAU   9550
737 Bishop Street, Suite 2090
Honolulu, Hawai`i 96813
Telephone:  808-784-2090
Facsimile:   808-784-2091
E-mail:  jlc@nchilaw.com
             mnc@nchilaw.com

Attorneys for Defendant
STEWART TITLE GUARANTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LGJ, LLC, a Hawaii limited liability company,<br><br>             Plaintiff,<br><br>    vs.<br><br>STEWART TITLE GUARANTY COMPANY; JOHN and JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE GOVERNMENTAL ENTITIES 1-20 and DOE ENTITIES 1-20,<br><br>            Defendants. | Case No. _____<br><br>**DEFENDANT STEWART TITLE GUARANTY COMPANY'S NOTICE OF REMOVAL**; DECLARATION OF MICHELLE N. COMEAU; EXHIBITS "A"- "D" |

# DEFENDANT STEWART TITLE GUARANTY COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Stewart Title Guaranty Company ("Stewart Title") hereby gives notice of the removal of the action captioned *LGJ, LLC v. Stewart Title Guaranty Company, et al.*, Civil No. 1CCV-21-0001053 (the "State Court Action") from the Circuit Court of the First Circuit, State of Hawai`i to the United States District Court for the District of Hawai`i.[1]  As grounds for removal, Stewart Title states as follows:

## I.    STATE COURT ACTION

1.  Plaintiff LGJ, LLC, a Hawaii limited liability company ("Plaintiff"), filed its Complaint in the State Court Action on August 27, 2021 ("Complaint").  *See* Exhibit A at Complaint.

2.  This lawsuit concerns a coverage dispute regarding a title insurance policy issued by Stewart Title (the "Policy") for that "certain piece or parcel of land situated within block bounded by California, Cypress, Olive Avenues and Ohia Street, at Wahiawa, Waialua, Honolulu, City and County of Honolulu, State of Hawaii, being a portion of Grant 4616 to Mary E. Clark (being

---

[1] Stewart Title submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief may be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

the subdivision of Lots 2 and 4 of the Garden Tract designated as Lot 'I', more particularly described as follows:

> Lot "I", beginning at the North corner of this lot, being also the East corner of Lot "G" and on the Southwest side of Lot "U" (20 foot roadway), the true azimuth traverse from the South corner of California Avenue and Ohia Street being (a) 66° 43' 294.50 feet, (b) 336° 43' 200.00 feet to the above described initial point and thence running by azimuths measured clockwise from true South:
>
> 1. 336° 43'    50.00 feet along Lot U (20 foot roadway);
> 2. 66° 43'     93.50 feet along Lot K;
> 3. 156° 43'    50.00 feet along Lot 3 of the Garden Tract;
> 4. 246° 43'    93.50 feet along Lot G to the point of beginning and containing an area of 4675 square feet, more or less.
>
> Together with a non-exclusive, perpetual easement through, over and across a private road called Koele Way identified as Tax Map Key (1) 7-3-002-064, known as Lot U, containing an area of 10,000 square feet, more or less, as conveyed by Amended Final Judgment; Exhibits "A" and "B" dated May 8, 2009, recorded as Document No. 2009-074296.
>
> Being all the property conveyed by the following:
>
> WARRANTY DEED
>
> Grantor:  Neil Richard Graves, unmarried, and Laura Virginia Ougiya, unmarried
> Grantee:  LGJ, LLC, a Hawaii limited liability company
> Dated:    October 7, 2014
> Recorded: as Document No. A-53960111
>
> TMK: (1) 7-3-002-049

*See* Exhibit A at Complaint ¶ 12; Exhibit D at Schedule A, Exhibit A thereto.

   3. Plaintiff alleges in the Complaint that due to a consolidation of the Plaintiff's Property and an adjacent lot into a single lot ("Parcel 50"), Plaintiff has been unable to submit the Property to a condominium property regime, which has allegedly impaired Plaintiff's occupancy, use, and enjoyment of the Property. Complaint, ¶¶ 14-17. Plaintiff alleges in support of its claims that there are defects in title to the Property, that title to the Property is unmarketable, and that Plaintiff's interest in the Property may be "illegal and void." *Id.*, ¶¶ 27-30.

4. Plaintiff filed a *Complaint for Partition of Real Properties*, Civil No. 21-0000779, in the First Circuit Court, State of Hawaii, on June 17, 2021, against Leonard J. Lee as Trustee of the Leonard J. Lee Revocable Living Trust dated February 7, 2015 ("Lee"), in which Plaintiff seeks partition of the consolidated lots of Plaintiff's Property and Parcel 50.

5. Lee responded that Parcel 50 has always been treated as a separate Parcel by the City and the State for tax and conveyance purposes and further that Plaintiff (a) has no interest in Parcel 50, (b) does not co-own Parcel 50 and (c) cannot force the sale of Parcel 50.

6. Plaintiff seeks a judgment against Stewart Title requiring that Stewart Title accept Plaintiff's claim under the Policy and/or "pay or tender payment of the 'Amount of Insurance' as defined by" the policy. Complaint, ¶¶ 31, 40; Prayer, ¶ 1. Plaintiff further seeks damages, interest, and attorney's fees and costs. *Id.*, ¶ 41; Prayer, ¶¶ 3, 4.

## II.   BASIS FOR REMOVAL

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.

### A.  DIVERSITY OF CITIZENSHIP

8.  Removal is proper based on complete diversity of citizenship between Plaintiff and Stewart Title and because no Defendant is a citizen of the state in which this action has been brought.  28 U.S.C. § 1441(b).

9.  As alleged in the Complaint, Plaintiff is a Hawai`i limited liability company ("LLC").  *See* Exhibit A, Complaint, ¶ 1.  For the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10.  According to Plaintiff's own filings with the DCCA, Plaintiff's sole member is Joe Leoni, Jr.  *See* Exhibits B and C.  The LLC also lists Mr. Leoni as Plaintiff's registered agent for service of process and manager.  Exhibit C.  The addresses for Plaintiff, its principal office, and Mr. Leoni are all in Honolulu, Hawai`i.  Exhibits B and C.  Therefore, based upon the LLC's own publicly-available filings with the State of Hawaii, the LLC's only member is presently, and was on the date Plaintiff filed the Complaint, a citizen of the State of Hawai`i.  Accordingly, Plaintiff is a citizen of the State of Hawai`i.

11.  For diversity purposes, the citizenship of a corporation is determined by its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c).  There is no dispute that, as alleged in the

Complaint (¶2), Stewart Title is a Texas corporation with its principal place of business located in Texas, and is therefore a citizen of the State of Texas.

12. Accordingly, there is complete diversity of citizenship between Plaintiff and Stewart Title.

13. Although the Complaint includes "Doe Defendants," this does not defeat Stewart Title's right to remove based on diversity of citizenship between Plaintiff and Stewart Title. *FAT T, v. Aloha Tower Associates Piers 7, 8, and 9*, 172 F.R.D. 411, 415 (D. Haw. 1996).

### B. AMOUNT IN CONTROVERSY

14. The amount in controversy exceeds $75,000 exclusive of interest and costs. *Cf.* 28 U.S.C. § 1332(a).

15. When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Del Real v. HealthSouth Corp.*, 171 F.Supp.2d 1041, 1043 (D. Ariz. 2001) (where the state court complaint does not specify the amount in controversy, the removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence and if necessary resolve factual disputes). In addition, "the amount in controversy is not measured by the low end

of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

16. In the Complaint, Plaintiff demands declaratory relief as well as damages. Plaintiff alleges there is coverage under the Policy and seeks recovery, *inter alia*, of the policy limits. *See* Complaint, ¶¶ 31, 40 & Prayer for Relief ¶ 2 (demanding the "Amount of Insurance"). The Policy's "Amount of Insurance" sets forth policy limits of $311,000.00. *See* Exhibit D at Schedule A. Because Plaintiff's demand for damages includes payment on a $311,000.00 policy, the policy limit represents a reasonable reading of the value of the right being litigated by Plaintiff. Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See Haskell v. State Farm Mut. Auto. Ins. Co.*, 69 Fed. Appx. 877, 877-78 (9th Cir. July 9, 2003) (unpublished) (affirming amount-in-controversy requirement was met by complaint demanding coverage under insurance policies with limits exceeding $75,000).

## III.  VENUE

17. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Circuit Court of the First Circuit, State of Hawai`i, where this action

was filed, is located within the district of the United States District Court for the District of Hawai`i.

## IV.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

18. Removal is also proper because Stewart Title has complied with the other procedural requirements associated with removal of this action to federal court.

19. Stewart Title was served with copies of the Complaint and Summons by certified mail on October 29, 2021.  *See* Exhibit A, Return of Service; *see also* HRS § 431:2-205.  This Notice of Removal is being filed within thirty days of service of the Complaint and Summons on Stewart Title and is thus timely filed under 28 U.S.C. § 1446(b).

20. Pursuant to 28 U.S.C. § 1446(a), attached collectively hereto as Exhibit A are copies of all process, pleadings, and orders in this matter that have been served upon Stewart Title.

21. Written notice of the filing of this Notice of Removal will be provided to Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

22. Stewart Title will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawai`i as required by 28 U.S.C. § 1446(d).

23. Based on the foregoing, Stewart Title respectfully requests that the State Court Action be removed to the United States District Court for the District of Hawai`i.

DATED:  Honolulu, Hawai`i, November 23, 2021.

/s/ Michelle N. Comeau
JADE LYNNE CHING
MICHELLE N. COMEAU
Attorneys for Defendant
STEWART TITLE GUARANTY COMPANY