Of Counsel:
OGAWA, LAU, NAKAMURA & JEW
Attorneys-at-Law, A Law Corporation

ROY T. OGAWA            1821-0
KURT K. LEONG          5577-0
707 Richards Street, Suite 600
Honolulu, Hawaii  96813
Telephone: (808)533-3999
Facsimile: (808) 533-0144
Email: rogawa@ollon.com
        kleong@ollon.com

Attorneys for Plaintiff
LGJ, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LGJ, LLC, <br> a Hawaii limited liability company, <br><br>       Plaintiff, <br><br>    vs. <br><br> STEWART TITLE GUARANTY <br> COMPANY; JOHN and JANE DOES 1-20; <br> DOE PARTNERSHIPS 1-20; DOE <br> CORPORATIONS 1-20; DOE <br> GOVERNMENTAL UNITS 1-20 and DOE <br> ENTITIES 1-20, <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL NO.: 21-00459-JAO-RT
(Declaratory Judgment)

**FIRST AMENDED COMPLAINT**

8783-001/371266_4

### **FIRST AMENDED COMPLAINT**

    COMES NOW, Plaintiff LGJ, LLC, a Hawaii limited liability company, (hereinafter "LGJ" or "Plaintiff"), by and through its attorneys, OGAWA, LAU, NAKAMURA & JEW, and for a First Amended Complaint against the above-named Defendants, alleges and avers                                    as                                    follows:

## I. PARTIES

1.      Plaintiff is and was at all times relevant herein, a Hawaii limited liability company, doing business in the City and County of Honolulu, State of Hawaii.

2.      Defendant STEWART TITLE GUARANTY COMPANY is a corporation organized and existing under the laws of Texas with a business address in Houston, State of Texas and at all times relevant herein, doing business in the City and County of Honolulu, State of Hawaii

3.      Defendants JOHN and JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE GOVERNMENTAL UNITS 1-20 and DOE ENTITIES 1-20 (hereinafter collectively referred to as "Doe Defendants") are persons or entities who may be, or are, responsible and/or liable to Plaintiff for the acts and/or omissions set forth herein and the damages sustained by Plaintiffs.  In a diligent and good faith effort to ascertain the true names, identities and capacities of these Defendants, Plaintiff has reviewed records in its possession. Plaintiff requests leave to identify the names and/or identities of said Defendants upon discovery of the same.

## II. JURISDICTION AND VENUE

4.      This Court has proper jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332.

5.      The Court has jurisdiction over Defendants under 28 U.S.C. § 1332.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, 1441(a), and 1446(a).

### III. FACTUAL BACKGROUND

7.      In 2014, Plaintiff purchased that certain real property located at 45 Koele Way, Wahiawa, Hawaii, TMK: (1)-7-3-002-049 ("Parcel 49" or "Lot 49").

8.      At the time of Plaintiff's purchase of Parcel 49, in selecting the form of Policy of Title Insurance to be issued, Plaintiff paid an additional ten percent (10%) charge to its premium for selecting the more comprehensive ALTA Homeowner's Title Policy, which included additional coverage, including coverage for "Subdivision law violations."

9.      Pursuant to the ALTA Title Policy, prior to closing of Plaintiff's purchase of Lot 49, an ALTA Survey was conducted by a certified surveyor retained by Defendant STEWART TITLE and/or its agent.

10.      The surveyor failed to discover an alleged previous consolidation of Lot 49 with an adjoining Lot in the public subdivision records.

11.      Under the Revised Ordinances of the City and County of Honolulu ("ROH"), consolidation of land is governed under the Subdivision Ordinance.  (*See, e.g.*, Chapter 22, Article 3, of the ROH).

12.      At the time of closing of Plaintiff's purchase of Parcel 49, Defendant STEWART TITLE issued to Plaintiff an ALTA Owner's Policy of Title Insurance ("ALTA Title Policy"), Policy No. O-9301-002491630.

13.      The ALTA Title Policy insures Plaintiff against loss or damage sustained by reason of, among other things: (a) title being vested other than as stated in Schedule A to the ALTA Title Policy; (b) any defect in the title; (c) unmarketable title; and, (d) the violation of any law, ordinance, permit, or governmental regulation (including those relating to building and

zoning) restricting, regulating, prohibiting, or related to the occupancy, use or enjoyment of the property, or the subdivision of land.

14.     After purchasing Parcel 49, Plaintiff attempted to submit Lot 49 to a condominium property regime ("CPR"), and an inspector from the City and County of Honolulu, Department of Planning and Permitting, ("DPP") advised Plaintiff that according to its public records, Plaintiff could not proceed because Parcel 49 and an adjacent Lot had been previously consolidated into a single parcel, prior to Plaintiff's purchase of Parcel 49, and that each parcel cannot file a CPR independently of the other parcel. The adjacent Lot is located at 41 Koele Way, Wahiawa Hawaii, TMK: (1)-7-3-002-050 ("Parcel 50" or "Lot 50"), and the owner of record is LEONARD J. LEE, Trustee of the LEONARD J. LEE Revocable Living Trust dated February 7, 2015 ("Leonard Lee").

15.     Plaintiff conducted further investigation and inquiry, and the DPP stated in its letter dated September 5, 2019, that the consolidation of Parcels 49 and 50 into a single lot (the "Consolidated Lot") had been approved by the City Planning Director on April 9, 1964, as shown in the approved consolidation map and documents in File No. 1964 (166) attached to the letter ("DPP Letter").

16.     The DPP Letter noted that Stewart Title's ALTA Title Policy cites a survey indicating that a dwelling extended substantially from Parcel 49 into Parcel 50, which should have prompted further investigation by Stewart Title.  The DPP Letter further noted that further research or investigation would have revealed the Consolidation and related building permits approved by the City and County of Honolulu. The DPP letter further noted that all of its permit records, including subdivision and consolidation actions, are public record.

17.    Due to the purported Consolidation which impaired the occupancy, use and enjoyment of the property, Plaintiff filed a partition action in the Circuit Court of the First Circuit, State of Hawaii, on June 17, 2021, against the Owner of Parcel 49, seeking statutory and/or equitable partition, including a request for a partition sale of the purported Consolidated Lot.

18.    In its Answer to the partition Complaint, the Owner of Parcel 50 alleged that the Partition Complaint was barred by the defense that "…Plaintiff's [LGJ's] alleged interest in an unsubdivided interest in land is illegal and void, and, accordingly, Plaintiff [LGJ] has no lawful interest in the Consolidated Lot and cannot force its sale."

19.    Plaintiff, by and through its former counsel, previously tendered a claim on the ALTA Title Policy to Defendant STEWART TITLE.

20.    Defendant STEWART TITLE denied the claim, as set forth in its letter to Plaintiffs' former counsel, Cheryl A. Nakamura, Esq., dated August 28, 2015.

21.    On July 23, 2021, Plaintiff, by and through its counsel, sent a letter to Defendant STEWART TITLE, tendering another claim on the ALTA Title Policy to Defendant STEWART TITLE, based upon the additional information obtained.

22.    Defendant STEWART TITLE denied the second claim, as set forth in its letter to Plaintiffs' counsel dated August 23, 2021.

**COUNT I – DECLARATORY RELIEF**

23.    Plaintiff realleges and reincorporates paragraphs 1 through 22 above, as if set forth in their entirety.

24.     Relief by declaratory judgment may be granted as an actual controversy exists between contending parties, and a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.

25.     Plaintiff is entitled to injunctive and/or declaratory relief, including a determination by the Court that Defendant STEWART TITLE is obligated to insure Plaintiff against loss or damage sustained or incurred by Plaintiff by reason of:

      a.     Title being vested other than as stated in Schedule A to the ALTA Title Policy;

      b.     A defect or defects in the title;

      c.     Unmarketable title; and,

      d.     The violation of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or related to the occupancy, use or enjoyment of the property, or the subdivision of land.

26.     Defendant STEWART TITLE failed to properly investigate, inquire, discover, and/or disclose the purported Consolidation, despite the fact that Defendant STEWART TITLE was put on actual, constructive, and/or inquiry notice of a potential defect in title by reason of the ALTA Survey which noted that a substantial encroachment existed.

27.     As a result of Defendant STEWART TITLE's above-described acts and omissions, including its failure to properly investigate, inquire, discover, and/or disclose the purported Consolidation:

      a.     Title to Lot 49 is vested other than as stated in Schedule A to the ALTA Title Policy;

b.    There are defects in the title;

c.    Plaintiff has unmarketable title in Lot 49; and,

d.    There are undisclosed violations of law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or related to the occupancy, use or enjoyment of the property, or the subdivision of land.

28.    In its Answer to the partition Complaint, the Owner of Parcel 50 (Leonard Lee) alleged that the Partition Complaint was barred by the defense that "…Plaintiff's [LGJ's] alleged interest in an unsubdivided interest in land is illegal and void, and, accordingly, Plaintiff [LGJ] has no lawful interest in the Consolidated Lot and cannot force its sale."

29.    Leonard Lee's allegation that Plaintiff's interest is "illegal and void", constitutes an alleged defect in title, and/or title being vested other than as stated in Schedule A to the Title Policy, and a claim that Plaintiff has "Unmarketable Title."

30.    Under the ALTA Policy, "Unmarketable Title" is defined as: "Title affected by an alleged or apparent matter that would permit a prospective purchaser or lessee of the Title or lender on the Title to be released from the obligation to purchase, lease, or lend if there is a contractual condition requiring delivery of marketable title."

31.    As a result of Defendant STEWART TITLE's acts and omissions, Plaintiff is entitled to a Judgment for injunctive and/or declaratory relief against Defendant STEWART TITLE, requiring Defendant STEWART TITLE to cure its breach by accepting Plaintiff's claim and curing the defects in title, claims of unmarketable title, claims that title is vested other than as stated in Schedule A to the Title Policy, and any other claims under the

ALTA Title Policy; and/or pay or tender payment of the "Amount of Insurance" as defined by the ALTA Title Policy to Plaintiff; and/or pay or otherwise settle with Plaintiff the loss or damage provided for under the ALTA Title Policy.

## COUNT II – BREACH OF CONTRACT

32.    Plaintiff realleges and reincorporates paragraphs 1 through 31 above, as if set forth in their entirety.

33.    The ALTA Title Policy constitutes a binding written contract between Plaintiff and Defendant STEWART TITLE.

34.    Plaintiff has performed its contractual obligations under the ALTA Title Policy.

35.    The above-referenced acts and/omissions by Defendant STEWART TITLE constitute a breach of Defendant STEWART TITLE's contractual obligations under the ALTA Title Policy.

36.    Defendant STEWART TITLE has breached its contractual obligations by its denial of Plaintiff's claim against the ALTA Title Policy, despite the fact that title is vested other than as stated in Schedule A to the Title Policy, there are defects in the title, Plaintiff has unmarketable title, and there are violations of law related to the occupancy, use, or enjoyment of the land, and related to the subdivision of land.

37.    Plaintiff has provided written notice of Defendant STEWART TITLE's breach of its contractual obligations, and Defendant STEWART TITLE has failed to cure its breach of contract.

38.    Under the ALTA Policy, "Unmarketable Title" is defined as: "Title affected by an alleged or apparent matter that would permit a prospective purchaser or lessee of

the Title or lender on the Title to be released from the obligation to purchase, lease, or lend if there is a contractual condition requiring delivery of marketable title."

39.     As a result of Defendant STEWART TITLE's breach of contract, Plaintiff has Unmarketable Title to Lot 49, Plaintiff's occupancy, use, or enjoyment of Lot 49 is restricted, and Plaintiff is prevented from developing, mortgaging, leasing, or selling Lot 49.

40.     As a result of Defendant STEWART TITLE's breach of contract, Plaintiff is entitled to a Judgment against Defendant STEWART TITLE, requiring Defendant STEWART TITLE to cure its breach by accepting Plaintiff's claim and curing the defects in title, claims of unmarketable title, claims that title is vested other than as stated in Schedule A to the Title Policy, and any other claims under the ALTA Title Policy; and/or pay or tender payment of the "Amount of Insurance" as defined by the ALTA Title Policy to Plaintiff; and/or pay or otherwise settle with Plaintiff the loss or damage provided for under the ALTA Title Policy.

41.     As a further result of Defendant STEWART TITLE's breach of contract, Plaintiff is entitled to damages, interest, and attorney's fees and costs.

## COUNT III – BAD FAITH/BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42.     Plaintiff realleges and reincorporates paragraphs 1 through 41 above, as if set forth in their entirety.

43.     Defendant STEWART TITLE's conduct, acts and omissions, as described herein, constitutes bad faith and a breach of the implied covenant of good faith and fair dealing.

44.     Defendant STEWART TITLE is liable for bad faith for its failure to properly and thoroughly investigate LGJ's claim.

45.    Defendant STEWART TITLE's letters denying LGJ's claims, as well as discovery and documents produced by Defendant STEWART TITLE, demonstrate that Defendant STEWART TITLE failed to properly and thoroughly investigate LGJ's claim, including:

a.    Defendant STEWART TITLE failed to investigate the DPP's public records.

b.    Defendant STEWART TITLE failed to investigate LGJ's claims that the surveyor failed to discover an alleged previous consolidation of Lot 49 with an adjoining Lot in the public subdivision records.

c.    Defendant STEWART TITLE failed to investigate LGJ's claims that the survey indicated that a dwelling extended substantially from Parcel 49 into Parcel 50, which should have prompted further investigation by Stewart Title, which would have revealed the purported Consolidation in the DPP's public records.

d.    Defendant STEWART TITLE failed to investigate LGJ's claims regarding a purported non-judicial foreclosure in the chain of title.

e.    Defendant STEWART TITLE failed to review the documents from Premier Title and Escrow, Inc., the escrow and title company that handled the transaction whereby LGJ purchased its property.

f.    Defendant STEWART TITLE failed to properly and thoroughly inquire with Premier Title and Escrow regarding the transaction whereby LGJ purchased its property, as documents produced by

Defendant STEWART TITLE show only a cursory email exchange with Premier Title and Escrow.

46.     Defendant STEWART TITLE is liable for bad faith for failing to address all of LGJ's claims in its letters denying LGJ's claims, including:

      a.     Defendant STEWART TITLE's denial letters failed to address LGJ's primary claims of defects in title, unmarketable title, and title vested other than as stated in Schedule A to the Title Policy.

      b.     Defendant STEWART TITLE's denial letters only addressed one of the four Covered Risks under the Title Policy that were referenced in LGJ's claim letters.

47.     Defendant STEWART TITLE is liable for bad faith for failing and refusing to defend and indemnify LGJ where the owner of Parcel 50 (Leonard Lee) alleged in the State Court partition action that LGJ's interest in the subject property was "illegal and void", and affirmatively requested that the State Court determine that LGJ's interest was "illegal and void."

48.     Defendant STEWART TITLE is liable for bad faith based upon the reasonable expectation of the insured (LGJ) that if the title conveyed was defective as LGJ's Lot did not even exist due to the purported consolidation, then the Title Policy should provide coverage.

49.     The above-referenced acts and/or omissions by Defendant STEWART TITLE constitute bad faith and/or a breach of Defendant STEWART TITLE's implied covenant of good faith and fair dealing, so as to entitle LGJ to damages in an amount to be proven.

50.    Defendant STEWART TITLE's bad faith conduct was intentional, willful, wanton, reckless, or made with a conscious indifference to the consequences so as to entitle LGJ to punitive damages.

**WHEREFORE**, Plaintiff prays as follows:

1.    That process of this Honorable Court issue commanding Defendants above-named to appear and answer this First Amended Complaint as provided by law or in equity and to stand and perform and abide by such orders, decrees and directions as may be made and entered herein;

2.    That this Court enter a Declaratory Judgment in favor of Plaintiff, including a determination and decree that Defendant STEWART TITLE is obligated to accept Plaintiff's claims against the ALTA Title Policy, and cure the alleged defects in title, claims of unmarketable title, claims that title is vested other than as stated in Schedule A to the Title Policy, and any other claims under the ALTA Title Policy; and/or pay or tender payment of the "Amount of Insurance" as defined by the ALTA Title Policy to Plaintiff; and/or pay or otherwise settle with Plaintiff the loss or damage provided for under the ALTA Title Policy.

3.    That this Court award Plaintiff damages and interest in an amount to be proven, including damages in excess of the "Amount of Insurance" and punitive damages for Defendant STEWART TITLE's bad faith;

4.    That the Court award Plaintiff its costs and reasonable attorneys' fees incurred.

5.    That the Court award such other and further relief as shall be just and proper in the circumstances.

DATED:  Honolulu, Hawaii, September 27, 2022.


Of Counsel:

OGAWA, LAU,

      NAKAMURA & JEW

                                  */s/ Roy T. Ogawa*

                                  ROY T. OGAWA

                                  KURT K. LEONG

                                  Attorneys for Plaintiff

                                  LGJ, LLC